IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAKEME I. CARR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-1840-E |
| | § | |
| PHH MORTGAGE SERVICES and | § | |
| THE BANK OF NEW YORK | § | |
| MELLON TRUST NATIONAL | § | |
| ASSOCIATION FKA OF LB-THE | § | |
| BANK OF NEW YORK, N.A., | § | |
| | § | |
| Defendants. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Defendants PHH Mortgage Corporation d/b/a/ PHH Mortgage Services and The Bank of New York Mellon Trust Company, National Association's joint Motion to Dismiss under Rule 12(b)(6) (ECF No. 17). Pro se plaintiff Jakeme I. Carr did not respond to Defendants' Motion. On January 30, 2026, the Magistrate Judge assigned to this case recommended that the Defendants' Motion be granted. *See* ECF No. 23. The Magistrate Judge later withdrew that recommendation and recused himself in light of a Motion to Substitute Counsel filed the same day as his recommendation. *See* Mot. (ECF No. 22); Order (ECF No. 24). The undersigned then vacated the case referral and returned the case to chambers. *See* Order (ECF No. 26). The Court has conducted its own independent review of Defendants' Motion and the record. Based on that

review, and on the applicable law, the Court GRANTS Defendants' Motion for the reasons explained below.

## Background

Pro se Plaintiff Jakeme I. Carr filed this lawsuit against Defendants in state court seeking to prevent foreclosure of her home in Dallas, Texas. *See* Not. Removal, Ex. A-2 (ECF No. 1-1). Defendants removed the lawsuit to this Court based on diversity jurisdiction. *see id.* (ECF No. 1). Following removal, Carr filed an Amended Complaint asserting claims for breach of contract, wrongful foreclosure, and violations of Real Estate Settlement Procedures Act (RESPA) and Fair Debt Collections Practices Act (FDCPA). *See* Am. Compl. (ECF No. 15). Defendants moved to dismiss Carr's Amended Complaint under Rule 12(b)(6), *see* ECF No. 17, and although the Magistrate Judge ordered Carr to respond, *see* ECF No. 18, Carr failed to do so.

## Legal Standards

To survive a Rule 12(b)(6) motion, a plaintiff's complaint must contain sufficient factual matter to state a plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555).

This pleading standard does not require "detailed factual allegations," but it does demand more than an unadorned accusation devoid of factual support.

2

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. When the facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the plaintiff is plausibly entitled to relief. *Id.* at 678 (citing *Twombly*, 550 U.S. at 557).

When applying the plausibility standard, the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citations omitted). But a court may not look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Review is "limited to the complaint, any documents attached to the complaint, and any documents attached to the [motion to dismiss] that are central to the claim and referenced by the complaint." *Smith v. Buffalo Wild Wings*, No. 3:20-CV-2875-D, 2021 WL 4265849, at *2 (N.D. Tex. Sept. 20, 2021) (Fitzwater, J.) (citing *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)); *see also Inclusive Communities Project, Inc. v. Heartland Cmty. Ass'n, Inc.*, 399 F.

Supp. 3d 657, 665 (N.D. Tex. 2019), *aff'd,* 824 F. App'x 210 (5th Cir. 2020) ("In ruling on [a Rule 12(b)(6)] motion, the court cannot look beyond the pleadings.").

When, as here, a plaintiff fails to file a response to a motion to dismiss, the Court cannot grant "the motion to dismiss for failure to state a claim solely because the [plaintiff] failed to oppose the motion." *Webb v. Morella*, 457 F. App'x 448, 452 n.4 (5th Cir. 2012) (citing *John v. La.*, 757 F.2d 698, 707-10 (5th Cir. 1985)). Indeed, "Rule 12 does not by its terms require an opposition; failure to oppose a 12(b)(6) motion is not itself grounds for granting the motion. Rather, a court assesses the legal sufficiency of the complaint. *Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 806 (5th Cir. 2012) (citing Fed. R. Civ. P. 12(b)(6)).

Courts considering Rule 12(b)(6) motions generally hold pro se complaints to less stringent standards than formal pleadings drafted by lawyers. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quoting *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981)). But "despite [the] general willingness to construe pro se filings liberally," courts "still require pro se parties to fundamentally abide by the rules that govern the federal courts." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014), *as revised* (Sept. 18, 2014) (cleaned up). Thus, a pro se plaintiff is not excused from the requirements to "properly plead sufficient facts that, when liberally construed, state a plausible claim to relief[.]" *Id.* (citations omitted). The Court liberally construes Carr's Amended Complaint with all possible deference due a pro se litigant. *See Erickson*

*v. Pardus*, 551 U.S. 89, 94 (2007) (pro se pleadings are "to be liberally construed," and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."). But such liberal treatment does not require a court to "create causes of action where there are none." *Smith v. CVS Caremark Corp.*, No. 3:12-CV-2465-B, 2013 WL 2291886, at \*8 (N.D. Tex. May 23, 2013). And pro se status does not provide an "impenetrable shield," "for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Even so, generally, a district court may not dismiss a pro se complaint for failure to state a claim under 12(b)(6) without giving the plaintiff a chance to amend. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). But leave to amend is not automatic and may be refused where it would be futile. *See Morgan v. Chapman*, 969 F.3d 238, 248 (5th Cir. 2020) (citing *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004)). "The court may deny leave to amend ... if the defects are incurable or the plaintiff[ ] ha[s] already alleged [his] best case." *Pierce v. Hearne Indep. Sch. Dist.*, 600 F. App'x 194, 200 (5th Cir. 2015) (per curiam) (citing *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam)).

**Analysis**

I.      Carr fails to state a RESPA claim.

Carr alleges that Defendants' violated RESPA by failing (i) to take timely and appropriate action related to servicing, (ii) to respond to [Carr's] loss mitigation requests, and (iii) to properly evaluate [Carr's] foreclosure alternatives. *See* Am. Compl. ¶ 11.

Carr appears to plead the following factual allegations in support of her RESPA claim:

8. "[Carr] applied for mortgage assistance and communicated with PHH regarding available options under federal loss mitigation guidelines."

9. "Despite these efforts, PHH failed to provide proper responses, accurate information, or reasonable assistance as required by RESPA."

10. "Defendants provided misleading or conflicting information concerning the default status and foreclosure process."

*See id.* ¶¶ 8–10. Even liberally construed, however, these allegations fail to state a claim because they are wholly conclusory. The Court need not "accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Further, to survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plausibly allege that actual damages *resulted* from a RESPA violation. *See Whittier v. Ocwen Loan Servicing, L.L.C.*, 594 F. App'x 833, 836 (5th Cir. 2014) (emphasis added). A conclusory statement regarding "actual damages" is insufficient—the complaint must include "facts giving rise to a reasonable

inference that [a plaintiff] suffered actual damages from the alleged violation of RESPA." *See Allen v. Wells Fargo Bank, Nat'l Ass'n*, No. 3:16-CV-0249-D, 2017 WL 3421067, at *4 (N.D. Tex. Aug. 9, 2017); *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp. 2d 747, 768 (N.D. Tex. 2012). Here, Carr does not allege any facts which could give rise to an inference that Carr suffered actual damages as a result of the alleged RESPA violation. Thus, the Court concludes that Carr has failed to plausibly allege a RESPA claim.

II.   <u>Carr fails to state an FDCPA claim.</u>

The FDCPA seeks "to protect consumers from a host of unfair, harassing, and deceptive debt collection practices without imposing unnecessary restrictions on ethical debt collectors." *Peter v. GC Servs. L.P.*, 310 F.3d 344, 351–52 (5th Cir. 2002) (citation omitted); *see also* 15 U.S.C. § 1692(e);

To state an FDCPA claim, a plaintiff must plausibly allege that (1) they have been the object of collection activity arising from consumer debt; (2) the defendant is a "debt collector" as defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA. *See, e.g., Vick v. NCO Fin. Sys., Inc.*, No. 2:09-cv-114-TJW-CE, 2011 WL 1193027, at *2 (E.D. Tex. Mar. 7, 2011), *rec. adopted*, 2011 WL 1157710 (E.D. Tex. Mar. 28, 2011).

For purposes of the FDCPA, a "debt collector" is:

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6). With respect to her FDCPA claim, Carr's Amended Complaint contains the following allegations:

17. Defendants, while acting as servicers and agents, made deceptive communications and demands inconsistent with federal law.

18. Defendants' conduct constitutes collection activity under FDCPA and harmed [Carr].

Am. Compl. ¶¶ 17–18. These allegations are wholly conclusory and devoid of factual support. Furthermore Carr pleads no facts sufficient to show that either Defendant is a debt collector. "This failure is fatal to [Carr's] FDCPA claim." *Bent v. Mackie Wolfe Zientz & Mann, P.C.*, No. 3:13-CV-2038-D, 2013 WL 4551614, at *3 (N.D. Tex. Aug. 28, 2013) (Fitzwater C.J.) (citing *Iqbal,* 556 U.S. at 678) (citation modified); *see also Garcia v. Jenkins/Babb LLP,* No. 3:11-CV-3171-N-BH, 2012 WL 3847362, at *6 (N.D. Tex. July 31, 2012), *rec. adopted,* 2012 WL 3846539 (N.D. Tex. Sept. 5, 2012) (holding that the plaintiffs' recitation of the statutory definition of "debt collector" without any facts in support was insufficient to plausibly allege that the defendants were debt collectors under the FDCPA).

Moreover, Carr's FDCPA claim fails because she alleges PHH is "a mortgage servicer"—mortgage servicing companies are *not* debt collectors under the FDCPA. *See* Am. Compl. ¶ 4; *see Bent*, 2013 WL 4551614, at *3 ("[C]ourts in this Circuit have held that the term debt collector does not include lenders, the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned.") (citation modified) (quoting *Gipson v. JPMorgan Chase*, No. 3:13-CV-2477-L, 2013 WL 3746003, at

8

*2 (N.D. Tex. July 17, 2013)); *see also Perry v. Stewart Title Co.,* 756 F.2d 1197, 1208, *modified on reh'g on other grounds,* 761 F.2d 237 (5th Cir.1985)). Accordingly, Carr has failed to state a claim under the FDCPA.

III.    Carr fails to state a breach of contract claim.

To prevail on a claim for breach of contract under Texas law, a plaintiff must establish: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) resulting damages to the plaintiff. *Smith Int'l, Inc. v. Egle Grp., LLC,* 490 F.3d 380, 387 (5th Cir. 2007). And for a breach of contract claim to survive dismissal under Rule 12(b)(6), a plaintiff must allege "facts that, credited in her favor, plausibly establish each of the elements of the breach of contract claim." *Hoffman v. L & M Arts*, 774 F. Supp. 2d 826, 835–36 (N.D. Tex. 2011) (quoting *Iqbal,* 556 U.S. at 678). This requires, among other things, that the plaintiff "point to a specific provision of a specific contract that was allegedly breached." *See Sheddy v. JPMorgan Chase Bank, N.A.*, No. 3:12-CV-2804-M BF, 2013 WL 5450288, at *8 (N.D. Tex. Sept. 30, 2013) (Stickney, J.), *rec. adopted* (Lynn, J.).

But Carr's breach of contract claim is based soley on conclusory allegations which lack factual support. *See* Am. Compl. ¶¶ 13–16. And Carr fails to identify a specific provision of the contract that was allegedly breached. *See Hoffman*, 774 F. Supp. 2d at 835–36. Accordingly, Carr fails to state a breach of contract claim.

IV.    <u>Carr fails to state claim for wrongful foreclosure.</u>

To state a wrongful foreclosure claim under Texas law, a plaintiff must plead (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price. See *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013). But a plaintiff cannot "state a viable claim for wrongful foreclosure [when] they never lost possession of the [p]roperty. *See James v. Wells Fargo Bank, N.A.*, 533 F. App'x 444, 446–447 (5th Cir. 2013) (per curiam); *see also Peterson v. Black*, 980 S.W.2d 818, 823 (Tex. App.—San Antonio 1998, no pet.) ("Recovery [for wrongful foreclosure] is conditioned on the disturbance of the mortgagor's possession based on the theory that the mortgagee must have committed a wrong similar to the conversion of personal property.").

Here, Carr describes his wrongful foreclosure claim as "[a]nticipated," alleges that "no foreclosure sale has occurred," and "seeks injunctive relieve to *prevent* wrongful foreclosure." *See* Am. Compl. ¶¶ 19–20 (ECF No. 15) (emphasis added). Because no foreclosure sale has occurred, and because Carr does not otherwise assert that she lost possession of her property, Carr fails to state a claim for wrongful foreclosure. *See James*, 533 F. App'x at 446–447.

Additionally, under Texas law, a request for injunctive relief is not a standalone claim, "but instead necessarily depends on an underlying cause of action." *Grace v. Everhome Mortg. Co.*, No. 3:13-CV-4563-B, 2015 WL 5146678, at *6 (N.D. Tex. Sept. 2, 2015). Thus, because Carr has failed to plausibly allege any

viable claim, her request for injunctive relief cannot stand on its own and must be dismissed. *See id.*

    V.    <u>Carr is not entitled to leave to amend</u>.

When a court dismisses a pro se plaintiff's claims under Rule 12(b)(6), it generally should give the plaintiff at least one opportunity to amend the complaint. *See Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000) (citation omitted). Even so, "[t]he court may deny leave to amend . . . if the defects are incurable or the plaintiffs have already alleged their best case." *Pierce v. Hearne Indep. Sch. Dist.*, 600 F. App'x 194, 200 (5th Cir. 2015) (per curiam) (citing *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (Fitzwater, J.); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam)). And when, as here, a plaintiff does not file a response to a Rule 12(b)(6) motion or request leave to amend, the court may deny leave to amend because the plaintiff has already pleaded his or her best case. *Lee v. BONY*, No. 3:13-CV-1033-L BF, 2013 WL 4603584, at *4 (N.D. Tex. Aug. 9, 2013) (citation omitted) ("[S]ince Plaintiff did not file a response to the Motion to Dismiss or request to amend his pleadings, the Court finds that Plaintiff pled his best case and providing leave to amend would be futile and unnecessary."), *rec. adopted*, 2013 WL 4623608 (N.D. Tex. Aug. 29, 2013); *see also Cruz v. CitiMortgage, Inc.*, No. 3:11-CV-2871-L, 2012 WL 1836095, at *7 (N.D. Tex. May 21, 2012) (concluding that plaintiffs "have pled their best case and granting leave to amend would be

futile and cause needless delay" where plaintiffs did not file a response to motion to dismiss or request to amend pleadings).

Carr did not respond to Defendants' Rule 12(b)(6) motion despite the Court's order requiring her to do so. Nor has Carr requested leave to amend. Further, Carr has already amended her complaint once. Thus, the Court concludes that Carr has pleaded her best case and that granting leave to amend would be futile, unnecessary, and cause needless delay. *See Lee*, 2013 WL 4603584, at *4*; Cruz*, 2012 WL 1836095, at *7.

## Conclusion

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss (ECF No. 17).


**SO ORDERED**: March 2, 2026


_____
ADA BROWN
UNITED STATES DISTRICT JUDGE